IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNELL FLOURNOY, #126 385, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-235-TMH |
| | ) [WO] |
| CORRECTIONAL OFFICER | ) |
| WILLY DICKERSON, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility ["Kilby"], filed this 42 U.S.C. § 1983 action on March 15, 2012, seeking trial by jury, damages, and injunctive relief. He alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged when Defendants, Correctional Officer Dickerson and Faulkman, engaged in an altercation with another correctional officer. (Doc. No. 1.) The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the undersigned concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

On March 11, 2012 in G Dorm at Kilby, Defendants Wilkerson and Faulkman engaged in a physical fight with another correctional officer. Plaintiff complains that Defendants' actions violated ADOC rules, policies, and regulations, breached security, and placed his and other inmates' lives in danger as a result of the institutional safety and security hazard created. Plaintiff maintains that the fight between the correctional officers violated "previous federal court orders of declaratory judgment relief in respect to the alleged deprivation of the Eighth and Fourteenth Amendment rights required for state officials to maintain orderly and safe and secure institution[s]." The conduct of the defendant correctional officers, Plaintiff asserts, has created an atmosphere in which he lives in fear of constant violence, imminent danger to his well being, and no hope of any opportunity to seek a more promising future. (Doc. No. 1.)

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981). Additionally, Plaintiff must allege facts indicating that he himself suffered actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A plaintiff in a civil action lacks standing to assert the

constitutional rights of other persons.[2]  *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Here, Plaintiff's claims concerning the effect that Defendants' unprofessional conduct had or may have on inmates are not only conclusory and speculative but also fail to allege a violation of any constitutional right to which Plaintiff is entitled.  While Plaintiff contends that he is concerned because he feels the guard-on-guard assault created an unstable and unsafe environment for inmates, this subjective concern, without more, is insufficient to demonstrate a constitutional violation.  *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations "are not an adequate substitute for claims of specific, present objective harm or threat of a specific, future harm.").  Jurisdiction cannot be premised upon a claim based on speculation.  *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).  Further, damages for intentional infliction of emotional distress may be recoverable in a state tort law claim but

---

[2] To satisfy the constitutional requirements for standing, a litigant must show:

> 1) that he has personally suffered an actual or prospective injury as the result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed by court action. (citations omitted.)

*Saladin*, 812 F.2d at 690.

The so-called "prudential considerations" which also must be assessed are:

> 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provisions at issue; 2) whether the complaint raises abstract questions which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights of third parties.

*Id*.

not so in an action brought under § 1983.³  Thus, Plaintiff's fear that Defendants' actions created an unsafe and/or unstable living environment for inmates in their custody is insufficient to state a claim on which relief may be granted in a § 1983 action. *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiff's subjective belief harm may occur fails to implicate a constitutionally protected interest).  Consequently, Plaintiff's complaint against Defendants Wilkerson and Faulkman is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to implicate any constitutional right to which Plaintiff is entitled.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **May 10, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

³ Section 1997e(e) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE